**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Alexander J. BARKET, Defendant.**

**Nos. 74 CR 141–W–1, 74 CR 168–W–1.**

United States District Court,
W. D. Missouri, W. D.

Dec. 16, 1974.

Bert C. Hurn, U. S. Atty., Robert B. Schneider, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Veryl L. Riddle, Robert F. Scoular, John J. Hennelly, Jr., John R. Truman, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., Bernard D. Craig, Kansas City, Mo., for defendant.

MEMORANDUM AND ORDERS DENYING PLAINTIFF'S MOTION TO RECONSIDER, VACATE, AND SET ASIDE THIS COURT'S ORDERS OF OCTOBER 25, 1974 AND DIRECTING FURTHER PROCEEDINGS

JOHN W. OLIVER, District Judge.

■ On October 25, 1974, for reasons fully stated in our memorandum opinion filed that day, this Court entered orders which (1) denied the government's then pending motion for an enlargement of time; (2) directed the government to prepare, serve, and file an appropriate statement as to whether and when it would voluntarily produce for *in camera* inspection by this Court various documents identified in the eight numbered paragraphs of defendant's consolidated motions for discovery, filed October 10, 1974; (3) directing that in the event the government would not voluntarily produce the documents for this Court's *in camera* inspection, to state definitively whether the government would comply with an order directing such production which might, under appropriate circumstances, be entered by the Court; and (4) granting the government a reasonable period of time within which to consult the Attorney General or other officials in the Department of Justice concerning the position which the government would take in response to the orders entered that day.

On November 14, 1974, the government, rather than complying with the orders entered October 25, 1974, filed a motion to reconsider, vacate, and set aside the orders entered on that day. The government also simultaneously filed a response in which it stated that should the motion to reconsider, vacate, and set aside be denied, the government would supply the materials directed for the Court's *in camera* inspection "unless forbidden to do so by the Department of Justice." Defendant filed suggestions in opposition on December 9, 1974. We have carefully considered the government's motion and the suggestions in support and in opposition. The government's motion will be denied for reasons we now state.

The statement in the government's current response that it will voluntarily produce "unless forbidden to do so by the Department of Justice" is somewhat inconsistent with the last paragraph of the plaintiff's suggestions in opposition to defendant's consolidated motions for discovery which were belatedly filed as a part of the government's currently pending motion. In the last paragraph of plaintiff's suggestions, the government stated that it was submitting plaintiff's response "with the request that the Court first rule on plaintiff's motion to reconsider the October 25 order."

We are not sure what the government's position may be under the circumstances. We are confident, however, that the government's complaint, as stated in paragraph 3 of the pending motion, to the effect that the Court entered its orders of October 25, 1974 "before plaintiff had a chance to file its suggestions in opposition and, therefore, the plaintiff was not heard with respect to defendant's consolidated motions" is untenable.

Local Rule 10 of this Court requires that every party opposing any motion shall serve and file within five (5) days its suggestions in opposition to any pending motion. The government neither filed suggestions in opposition nor did it request an extension of time within which to do so. The notion stated in paragraph 4 of the government's motion that the Court did not afford the plaintiff an opportunity to have a hearing upon defendant's consolidated motions for discovery is equally untenable. The government never requested a hearing. Indeed, the government in its belatedly filed suggestions in opposition to defendant's consolidated motions for discovery does not request a hearing. Rather it says if it had the opportunity it would have controverted various alle-

gations in the defendant's motion as they related to particular press statements of former Assistant United States Attorney Patrick Eldridge. A memorandum dated June 20, 1974, from Eldridge to United States Attorney Hurn and two other documents concerning Eldridge were submitted for the Court's *in camera* inspection in connection with that isolated question. The government's preoccupation with the Eldridge matter prevented discussion of what may be much more significant material covered by our orders of October 25, 1974. The question of whether a full plenary evidentiary hearing may be required cannot be determined until the Court has made *in camera* inspection of the documents covered by the October 25, 1974 order. The government is assured that it will be afforded a full hearing before the Court decides any of the numerous pending motions if such a hearing is required.

In our memorandum opinion of October 25, 1974, we expressly found and concluded that the files and records of this case, including, but not limited to data made available by the government's bill of particulars filed September 27, 1974, as supplemented by the government's suggestions filed October 18, 1974, and the undisputed factual statements made by the parties in their various motions and suggestions in support and in opposition thereof, afforded a sufficient factual basis for the Court to find and conclude that the matters sought by defendant's then pending motion for discovery could, under the circumstances of this case, be reasonably expected to reveal evidence favorable to the defendant, the continued suppression of which may be a violation of constitutional principles articulated in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

We also made clear in that opinion that whether or not any of the documents were in fact covered by Brady v. Maryland, and whether or not such documents would ever be turned over to the defendant could not properly be determined without an *in camera* inspection of the documents sought. We have not changed our mind. We believed then and we believe now that the most expeditious way to put to rest the charges made by the defendant would be for the government voluntarily to produce the documents for *in camera* inspection by the Court so that further appropriate directions may be made under the circumstances.

We have fully considered the government's belatedly filed suggestions in opposition to defendant's consolidated motions for discovery as they were incorporated as a part of the government's pending motion. We have considered the legal authorities cited and conclude that they are not applicable to the circumstances of this case. We have carefully reconsidered our memorandum opinion of October 25, 1974, and the orders entered on that date. We find and conclude that those orders should not be vacated or set aside.

It is quite apparent that the government has had ample time to determine whether or not it will be "forbidden" by the Department of Justice to do what the United States Attorney's office for the Western District of Missouri apparently wants to do in regard to the production of the documents for *in camera* inspection by this Court. The government's response establishes that five attorneys in that office have already examined and reviewed all the records pertaining to the investigation of the defendant and all memoranda regarding prosecutive policy and practice and that the government is presently in a position to furnish all material called for in each of the eight paragraphs of defendant's motion to the Court for its *in camera* inspection, with the exception of the material called for in paragraph 2 thereof.

In regard to paragraph 2, the government suggests that the language of paragraph 2 is so broad that it cannot understand what documents and materials the defendant wishes to have produced. The government also directs our attention to the fact that other paragraphs of the defendant's discovery are broad enough to cover a confidential memorandum of Chief Judge Becker addressed to United States Attorney Hurn, Mr. Hurn's reply thereto, and a note from Chief Judge Becker's secretary which could be construed as confidential. The government properly wishes to be advised what to do in connection with that material.

There is considerable merit to the government's suggestion in regard to the breadth of paragraph 2 of defendant's motion. Experience with discovery in other cases, both civil and criminal, suggests that paragraph 2 is more or less a catch-all paragraph and that the scope of that paragraph may be more readily defined and appropriately limited after inspection of the documents produced under paragraphs other than paragraph 2. The question concerning the confidentiality of Chief Judge Becker's memorandum and the material related thereto may also be put in proper focus in the same manner. Our orders will accordingly make appropriate provision for the matters discussed in this paragraph.

For the reasons stated, it is

Ordered (1) that the government's motion to reconsider, vacate, and set aside this Court's orders of October 25, 1974 directing further proceedings as to defendant's consolidated motions for discovery should be and the same is hereby denied. It is further

Ordered (2) that determination of the government's alternative motion for the defendant to make paragraph 2 of his consolidated motions for discovery and directions more definite and certain, the government's request for directions concerning Chief Judge Becker's confidential memorandum of September 4, 1974 to United States Attorney Hurn, Mr. Hurn's reply thereto, and the note from Chief Judge Becker's secretary should be and the same are hereby deferred until after the Court has made *in camera* inspection of all documents produced under all eight paragraphs of the defendant's discovery motions, except paragraph 2. The government shall not produce the Chief Judge Becker material until and unless directed to do so by later order of Court. It is further

Ordered (3) that the government shall promptly produce for this Court's *in camera* inspection all materials described in its response filed November 14, 1974, except as called for in paragraph 2 of defendant's motion and except the Chief Judge Becker material. It is further

Ordered (4) that in the event the United States Attorney's office for the Western District of Missouri is forbidden by the Department of Justice to do what it would otherwise do, as stated in its response filed November 14, 1974, this Court be so advised within five (5) days of the date of this order so that further appropriate action may be taken consistent with principles recently stated and applied in our memorandum opinion of December 3, 1974, in United States v. Williams, D.C., 65 F.R.D. 422.